No. 139
XANDER, Exec. v. ZEHRING, et
No. 18886.  Supreme Court
On motion to direct Clark Appeals to certify record.  1-14-25.  3 Abs. 18.
1190.  TRANSFERS—When note or other instrument is placed in escrow; can party who by its terms, may ultimately have title; transfer it while same is still in escrow?
This action was originally brought in the Clark Common Pleas by Worthy Circle, administrator de bonis non, of the will of Susie Flick, daughter-in-law of Jacob Flick, deceased. It was sought to set aside a contract of which Susie and Lizzie Flick were parties of the first part, and Charles Zehring, party of the second part. Circle also endeavored to set aside endorsements on promissory notes and an endorsement on a mortgage securing the same.

The contract as claimed by Circle, purported to contain provisions to the effect that in consideration of Zehring agreeing to execute a Will, and to care for the parties of the second part during the balance of their lives, 4 notes totalling $4960, executed by Zehring, were to assigned and to him transferred. The security on the notes executed by Zehring was a 56 acre tract of land which was bequeathed to him by Jacob Flick, husband decedent of Lizzie. Said land was sold for $8960, $4000 of the proceeds of said sale was received by Zehring, the balance of the purchase price over and above the bequest to him made by Jacob Flick was secured by his notes.

Worthy Circle contended that:

1. Suzie and Lizzie Flick were old and ill and their respective wills executed in favor of Zehring were so executed under undue influence.

(Continued on Page 93)

# CURRENT OHIO COURT of APPEALS CASES

## Weekly Advance Abstract Opinions

### No. 140
### COFFEY v. CALHOUN

Ohio Appeals, 5th Dist. Holmes Co.
No. 85. Decided Dec. 15, 1924.

**147. BILLS AND NOTES—A part payment of promissory note by one joint maker will not save limitations running against several joint makers except payor of part payment.**

HOUCK, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Attorneys—Charles R. Carey for Coffey; Schuler & Putman for Calhoun.

### No. 141
### MOSER v. SIMMONS

Ohio Appeals, 5th Dist., Knox Co.
No. 206. Decided Nov. 7, 1924.

**182. BROKERS—Real estate broker entitled to commission out of first payment though purchaser fails to complete sale.**

HOUCK, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Action by Moser for real estate commission retained out of first payment. Moser employed defendant to sell his farm, agreeing that defendant should retain 5% of purchase price out of first payment upon sale of property or contract for the sale of same. Defendant obtained a purchaser who made a down payment out of which defendant retained his fee. The purchaser thereafter refused to carry out his contract of purchase. At the trial the court directed a verdict for the defendant. On error the court of appeals affirmed the judgment, holding:

1. The language of the contract under consideration being clear, plain and certain, it seems to us that but one meaning can be applied thereto, namely, that the real estate dealer is and was entitled to retain the $300 in question.

Attorneys—B. B. Ferenbaugh for Moser; Columbus Ewalt and Barton W. Blair for Simmons;; all of Mt. Vernon.

### No. 142
### INDUSTRIAL COMMISS. v. HESSON

Ohio Appeals, 5th Dist., Ashland Co.
No. 144. Decided Dec. 15, 1924.

**465. ERROR.—Discretion for the exercise of which reversal is proper is limited to abuse in exercise.**

HOUCK, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Action by Hesson for compensation from the state insurance fund on account of injuries to her husband resulting in his death. The application was denied and appealed to the common pleas court and after trial verdict for the plaintiff of $5350. Error is prosecuted for reversal on the grounds of an abuse of discretion by the trial judge in permitting the case to be tried at the time and on the day it was disposed of and for failure of proof necessary to sustain the claim of the plaintiff. First claim to error is based on the fact that R. R. Zurmehly, a representative of the attorney-general's office, could not be present at the trial. The record discloses that the Industrial Commission was represented at the trial by the prosecuting attorney of Ashland county and H. A. Mykrantz. In affirming judgment the appeals court held:

1. There was no abuse of discretion on the part of the trial judge in insisting on the trial of the case.

2. An examination of the testimony discloses that there was some evidence offered to sustain each and all of the material and necessary elements to warrant a recovery and there is no prejudicial error in the record.

Attorneys—R. R. Zurmehly, Columbus counsel for Commission; J. L. Mason and M. V. Semple, Ashland, for Hesson.

## STATE COURT OF APPEALS—Continued

### No. 143
### TOLEDO v. TOLEDO EDISON Co., et al.
Ohio Appeals, 6th Dist., Lucas Co.
C. A. No. 1502. Dec. 10, 1924.
C. P. No. 94571.

**974. PUBLIC SERVICE COMMISSION—** Public utilities commission has authority to determine reasonableness of rate of electric energy charged street railway.

**85. APPEAL—Appeal** dismissed when court below is without jurisdiction.

**95. ARBITRATION AND AWARD—Con**tract providing for arbitration in case of dispute affords sufficient remedy to redress wrongs.

Epitomized Opinion
Published only in Ohio Law Abstract

KINKADE, J.

Toledo city brought an action against the Toledo Edison Co. and Community Traction Co. claiming there was conspiracy and collusion between the two companies in the charging and payment of excessive rates for electricity, thereby enhancing street car fares to the injury of the city and its inhabitants.

The city also complained that it was refused inspection of the electric company's books. A restraining order was prayed for to prevent unjust rates.

Demurrer denied jurisdiction by the court and that the petition stated facts sufficient to constitute a cause of action. The city was party to a contract providing for arbitration in case of dispute as to charge for electricity or reference to the public utilities commission, but neither of these remedies had been invoked. Whether the utilities commission could take cognizance of the rate was questioned on the ground that the traction company was the sole customer of the electric company. Demurrer was sustained in the common pleas. On appeal the court of appeals approved the decision on demurrer, holding:

1. Since the city was a party to the contract and a large proportion of its inhabitants pay car fares the public utilities commission has jurisdiction to determine reasonableness of rates for electric energy sold traction company.

2. Appeal will be dismissed when court below is without jurisdiction.

3. Contract providing for arbitration in case of dispute affords sufficient remedy to redress wrongs.

Attorneys—F. M. Dotson, Gustavus Ohlinger, for Toledo; Tracy, Chapman and Welles, for Toledo Edison Co., et al., all of Toledo.

### No. 144
### MANHEIM v. FULTON
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1282. Decided Jan. 16, 1925.

**1134. SUMMONS—Failure to serve, in compliance with 11231 GC does not secure for plaintiff in error jurisdiction in Court of Appeals.**

BY THE COURT
Epitomized Opinion
Published only in Ohio Law Abstract

This case was presented on motion to dismiss proceedings in error for want of service within the statutory time. The Deputy in the sheriff's office made an affidavit that no summons was issued or served. The 70 day period for filing of petition in error had expired, as had also the 60 days allowed for service of summons. After the expiration of both periods an alias summons was issued and served. The Court of Appeals held:

When a petition in error was filed within 70 days and where a precipe for summons had been duly filed and there is a notation on the appearance docket of the Court of Appeals, 60 days for service is allowed. It is a burden upon the plaintiff in error, however, to see that summons is served with the 60 days. Although counsel of defendant in error has been presented with a petition in error, his refusal to waive summons could, in no way aid plaintiff in error in giving him jurisdiction over the defendant in error. Since Manheim had failed to cause such service to be made in accordance with statute he has no jurisdiction in the Court of Appeals.

Motion for dismissal of petition in error sustained.

Attorneys—Bennet, Westfall & Bennett, Columbus; Day & Day, Cleveland, and M. Hunter, Columbus, for Manheim; Vorys, Sater, Seymour & Pease, Columbus, for Fulton.

### No. 145
### SECOND NAT. BANK v. RENICK
Ohio Appeals, 4th Dist., Pickaway Co.
Decided Dec. 30, 1924.

**419. DOWER—Widow joining in mortgage with husband held not restricted to share in surplus after mortgage paid but entitled to full dower rights subject only to mortgage.**

MAUCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Snyder, as assignee, brought action in the Probate Court to sell certain lands of the assignor to pay debts. Florence Renick, wife of the assignor, filed an answer asserting her right of dower and asking that its value be paid her out of the proceeds of sale. The land

was subject to two mortgages both of which were signed by the wife; neither of them were purchase money mortgages. The property was sold free of lien and free of dower. The Second National Bank of Circleville was a judgment creditor. The land sold for $68,000. It required $47,000 to pay the mortgage liens. Mrs. Renick claimed that the value of her dower was to be calculated upon the whole $68,000. The bank claimed that it should be calculated on only $21,000, the surplus. The probate court and common pleas to which the case was appealed held that she was entitled to the value of her dower based on the selling price of all the land.

In affirming the lower courts, the court of appeals held:

1. Where the mortgage has not been executed for purchase money, the wife's dower being only additional security for the husband's debt, the wife is endowed in the whole property and precluded from no part thereof by anyone except her own mortgage; and not by him if the mortgaged property, excluding the dower, is sufficient to satisfy his claim. Citing with approval Mandel vs. McClave, 46 O. S. 407 and Nichols vs. French 83 O. S. 162.

2. 11124 GC. does not confine the dower right to a surplus arising after the satisfying of mortgage liens.

Attorneys—Charles Dresbach for Bank; Irvin F. Snyder, Milt Morris, for Renick; all of Chillicothe.

---

### No. 146
### BONNER v. KUNZELMAN, et al.
Ohio Appeals, 4th Dist., Ross Co.
Decided Dec. 30, 1924.

473. WIDOW—Widow holding life estate
473. ESTATES—Widow holding life estate three years.

PER CURIAM

Epitomized Opinion
Published only in Ohio Law Abstract

Action in partition between the devisees of Kunzelman, Schreiber filed a cross petition alleging a leasehold which Agatha Kunzelman had renewed Jan. 27, 1922 for a period of three years. Agatha Kunzelman, the lessor, had only a life estate under the will of her husband which provided that she had "full power to sell as she thinks best, mortgage to pay my debts if necessary, and do with as she pleases as long as she remains my widow."

Upon the authority of Wolff v. O'Brien (Mass.) 121 N. E. 368, the court held that the widow had full power and authority to make the lease in question.

Attorneys—Capple & Schaeffer for Bonner; Walter W. Boulger for Schreiber; all of Chillicothe.

---

### No. 147
### HINE v. EIKLER
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2256. Decided Dec. 10, 1923.

1053. ROADS AND HIGHWAYS—No official procedure for opening of newly constructed —Open for travel when passable.

829. NEGLIGENCE—Not imputed to injured person because of alleged trespassing.

For statement OS of pending case, see 2 Abs. 247. Affirmed by supreme court by overruling motion to certify. 2 Abs. 307.

HAMILTON, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Rose Eikler secured a judgment on a verdict in the Hamilton Common Pleas against Edward Hine, for personal injuries alleged to have occured to her because of a collision between a buggy in which she was sitting and a trailer, attached to a motor truck owned by Hine.

The record discloses that Hine, was a road contractor and was doing work on the road over which Mrs. Eikler and her husband drove with their buggy. The husband had descended from the buggy to enter into a game of amusement with employees of Hine; leaving Mrs. Eikler in the buggy alone, which stood close to the curb on the right hind side. The truck owned by Hines and to which a trailer was attached was alleged to have been driven at a high and negligent rate of speed causing said trailer to swing from side to side; and as the truck sped by the buggy said trailer smashed into it injuring Eikler as complained.

Hine contends that Eikler is guilty of contributory negligence, because an Ohio statute provides that "a violation of a measure to protect the public is negligence per se". He claims that this statute here applies because he had set up a barricade for the purpose of keeping the public away from any danger that might exist in the construction of said road; Eikler was a trespasser and therefore should not recover.

The Court of Appeals held:

1. The most that could be claimed against Eikler was that by being there illegally she indirectly contributed to her injury.

2. Even though Eikler was a trespasser it would not defeat a recovery. She was in no place of inherent danger; she was stationary and on the right hand side of the road. Mrs. Eikler was not cautioned by employes as to her presence being unlawful; if she was a trespasser it was purely technical.

Attorneys—Kelly & Remke for Hine; Chester S. Durr for Eikler, all of Cincinnati.

## STATE COURT OF APPEALS—Continued

### No. 148

#### SMOLINSKI v. FISHER BODY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

For statement of O S pending case, see 2 Abs. 578; motion to certify ov. and judg. aff. 2 Abs. 739, 740.

(Pollock, Roberts and Farr, J. J., sitting)

1283. WORKMEN'S COMPENSATION — An employee suffering a loss from an occupational disease has the right to bring an action against his employer for the violation of a lawful requirement.

POLLOCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Original action in the Common Pleas wherein Stanley Smolinski was plaintiff, and The Fisher Body Co. was the defendant. Smolinski, while an employee of defendant, suffered certain disabilities due to working in a closed room, where he inhaled lead dust fumes and vapors. The defense was that the defendant had complied with the provisions of the Workmen's Compensation Act. Defendant made a motion for judgment in its favor, arguing that at common law there could be no recovery of damages for loss suffered from an occupational disease. The trial court granted the motion and rendered judgment for defendant. Plaintiff prosecuted error to the Court of Appeals which held:

At common law there could be no recovery for loss suffered from an occupational disease. 92 OS. 326. By Art. 2, Sec. 35 in the Constitution of 1912 the legislature was empowered to enact the Workmen's Compensation Act by which the employee was deprived of all right of action against his employer except as therein provided. The statute giving the employee the right to bring an action on certain grounds at his election was construed by the Supreme Court to be broad enough to comprehend injuries arising from an occupational disease. 106 OS. 541. The Compensation Law was then amended to include occupational disease 1485-68A GC.

In this case the employee had a right to compensation. But instead of accepting it he elected to bring an action under 1465-76 GC, which gives the right to bring an action if the injury is caused by the violation of a lawful requirement. By 1465-68B GC the employee suffering loss from an occupational disease was given the same rights that an injured employee had. Consequently he has the right to recover for the violation of a lawful requirement. Plaintiff here pleaded an injury caused by the violation of an ordinance. That is the violation of a lawful requirement. 108 OS 149. Consequently the trial court erred in directing a verdict upon the pleadings. Judgment reversed.

Attorneys—Wm. J. Shaver, Day & Day, and D. W. King, for Smolinski; Tolles, Hogsett, Ginn, Morley, for Fisher Body Ohio Co.

---

### No. 150

#### MORRIS PLAN BANK v. KINSNER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5274.    Oct. 20, 1924.

587. GUARANTY—The obligation of a guarantor to pay, dates back to the date of the original contract of guaranty.

557. FRAUD—The transfer of property by a guarantor made without consideration after the signing of the guaranty contract, may be set aside as constructively fraudulent.

LEVINE, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Original action in the Common Pleas wherein The Morris Plan Bank of Cleveland was plaintiff and Jacob Kinsner and Hannah Kinsner were defendants. On May 8, 1919 the Bank contracted to discount certain accounts that might thereafter be offered to it by one Tisch and defendant Jacob Kinsner guaranteed the payment by Tisch of all such accounts. Tisch failed to make some of the payments and on May 1921 the bank sued Tisch and Kinsner and received judgment for $2900. Before that suit, on March 21, 1921, after Tisch was in default, Kinsner in consideration of love and affection transferred to his wife, Hannah, 6000 shares of stock. The Bank brought this action asking that transfer of stock be set aside and the stock be sold for the benefit of creditors. The defense was that the transfer could not be regarded as constructively fraudulent, because Kinsner's obligation to pay had not then matured. The case came on appeal to the Court of Appeals which held:

A transfer of property made other than for a valuable consideration is deemed constructively fraudulent as against existing creditors.

The moment that Tisch defaulted the obligation of Kinsner to pay arose and it dated back to May 8, 1919, the date of the contract. Decree for plaintiff.

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp for Bank; H. T. Hoffman for Kinsner; all of Cleveland.

No. 151
LUSK et v. REYNOLDS

Ohio Appeals, 6th Dist., Lucas Co.
No. 1459. Decided Jan. 19, 1925.

148. BILL OF EXCEPTIONS—Must be complete when filed in time allowed by statute. Filing of vague bill, followed by subsequent insertion of transcript of trial court testimony, held not sufficient.

CHITTENDEN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Lovetta Reynolds brought an action against Elizur Lusk in the Lucas Common Pleas to contest the will of Clara Schlotman, deceased. The court found the supposed will not to be the last will and testament of Schlotman. Motion for a new trial was granted and again a jury returned a verdict as before.

Lusk filed, in 39 days after date of overruling a motion for a new trial, a paper denominated a bill of exceptions, such bill being three sheets of paper, one upon which was the title of the case and formal statements found in bills of exceptions; it also contained a portion of a stipulation. The third page contained the formal ending of a bill. Notice was sent to counsel of Reynolds by mail, of the filing of said bill, and the trial judge indorsed a 15 day extension for its signing.

Reynolds filed a motion to have the record corrected by an order setting aside and cancelling the approval of so-called bill of exceptions, and ordering the removal of all pages therefrom except the original three. She claims that after the 15 day extension had been granted, Lusk inserted into the bill of exceptions 271 pages of typewritten matter, being the transcript of the entire case as tried in the Common Pleas. This was alleged to have been done before the expiration of the 15 day extension. The trial judge overruled the motion and Reynolds filed a petition in error in the Court of Appeals.

The Court of Appeals reversed the trial court on the overruling of motion to correct the record, and held:

1. Sec. 11564 GC provides that bills of exception shall be reduced to writing and filed not later than 40 days after overruling of motion for a new trial. Subsequent sections indicate that the bill must be complete when filed.

2. Inasmuch as there was no valid bill of exceptions, and as there were no errors complained of by Lusk other than those that were necessary to be shown by a bill of exception, the judgment of the Common Pleas was affirmed.

Attorneys—Charles E. Meck and Marshall & Fraser for Lusk; C. T. & B. W. Johnson and J. E. Farber for Reynolds; all of Toledo.

No. 152
FAINBROUGH v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5323. Oct. 13, 1924.

333. CRIMINAL LAW—Silence as an admission of guilt may be shown only under certain circumstances.

480. EVIDENCE—Declarations made in presence of accused followed by silence to be received with caution.

LEVINE, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Fainbrough and one Boehlin were indicted for the murder of a policeman. Fainbrough while at the police station after his arrest was confronted by Boehlin who narrated in Fainbrough's presence an account of the murder in which he declared that he and Fainbrough were standing on a corner when several policemen approached and that Fainbrough fired at them, killing one. During this narration Fainbrough attempted to ask a question, but was told by the police inspector that he could not ask questions at that time and to wait until Boehlin finished. At the trial the State offered in evidence the statements made by Boehlin at the police station in Fainbrough's presence, together with evidence of Fainbrough's silence at the time. The trial court admitted this evidence over objection. The jury returned a verdict of guilty as charged with the recommendation of mercy and the court pronounced sentence to the penitentiary for life.

Fainbrough prosecuted error. Held:

It is not every instance of silence in the hearing of a declaration that renders it admissible as an admission of guilt. The question always is: was the prisoner called upon to speak and if he attempted to speak did he have permission to do so? This kind of evidence should always be received with great caution. The statements made by Boehlin in Fainbrough's presence were inadmissible, and their admission was prejudical error. Reversed and remanded.

Attorneys—Alfred L. Steur for Fainbrough; E. C. Stanton for State; both of Cleveland.

No. 153
OSSAGE v. FOLEY et

Ohio Appeals, 1st Dist., Hamilton Co.
No. 2163. Decided July 16, 1923.

561. STATUTE OF FRAUDS—When action at law is chosen for recovery of damages, part performance does not apply—no action can be brought when no memorandum of agreement.

BUCHWALTER, J.

Epitomized Opinion
Published only in Ohio Law Abstract

The action in the Hamilton Common Pleas

## STATE COURT OF APPEALS—Continued

was to recover damages for failure of Foley to execute and deliver to Ossage a lease for certain lands in accordance with an oral agreement claimed to have been made between Ossage and Foley.

It was averred by Ossage that the agreement provided for a lease for five years with privilege of renewal and purchase. No written agreement was executed. The Common Pleas sustained Foley's demurrer to the amended petition, and Ossage not desiring to plead further, judgment of dismissal was rendered. The Court of Appeals held:

Since the action is founded upon an oral agreement concerning an interest in land, and also that it was not to be performed within one year; by the Statute of Frauds, 8621 GC, no action can be brought by Ossage to charge Foley unless there was a written note or memorandum of the agreement upon which the action is based. Since the agreement was never reduced to writing, unless it could have been taken out of said statute by part performance, it is within the Statute of Frauds and void. But Ossage has seen fit to choose an action at law for damages rather than an equitable action; therefore the doctrine of part performance does not here apply. Finding no error the judgment of Common Pleas was affirmed.

Attorneys—Lewis W. Diemer, T. N, Maxedon, for Ossage; Dempsey & Dempsey; Creed & Creed, for Foley; all of Cincinnati.

---

No. 154
.NATIONAL LIFE AND ACCIDENT INS..
CO. v. PURDUE
Ohio Appeals, 2nd Dist., Montgomery Co.
No. 623. Decided 13, 1925.
191. BURDEN OF PROOF—Is upon insurance company to show unsound health of insured at time of issuance of policy.
BY THE COURT.
Epitomized Opinion
Published Only in Ohio Law Abstract

The original action was brought to the Municipal Court of Dayton by Addie Purdue against the National Life and Accident Insurance Co. seeking to obtain a judgment in the sum of $328 due her as beneficiary on an insurance policy. The insured, Louise Purdue, deceased, had died three months after the issuance of said policy. The Insurance Co. contended that when the policy was written, the insured had stated that she was in sound health, although at that time she was possessed of a disease which was the cause of her death. They further contend that the agents of the Insurance Company or its officers knew

nothing of the falsity of insured's statements. Judgment was returned for the amount prayed for.

Insurance Co. prosecuted error in Common Pleas where judgment was affirmed; and on urging the Court of Appeals to reverse judgments of the lower courts, the company contended:

The policy was void ab-initio for the reason that insured was not in sound health on date of issuance, and that a settlement had been entered into with Addie Purdue which was denied in her reply.

The Court of Appeals held:

Whether or not insured was in sound health is a question of fact. Because she lived less than three months after the policy was issued, within itself would not be proof or any evidence of the claim that she was not in sound health at time policy was issued.

The burden of proving ill health was upon the Insurance Company. The fact they examined the insured and accepted the risk is evidence in favor of Purdue, and the company must produce evidence to overcome such presumption. Mutual Life v. Long. 31 OCA 49.

Judgment affirmed.

Attorneys—J. E. Spear for Insurance Co.; J. P. Jeeton for Purdue; both of Dayton.

---

No. 155
COLUMBUS, D. & M. ELECT CO. v. CARR
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1256. Decided Nov. 24, 1924.
1028. RES IPSA LOQUITUR—Where evidence supports doctrine, prima facie case is made.
BY THE COURT.
Epitomized Opinion
Published only in Ohio Law Abstract

This action was one for damages brought in the Franklin Common Pleas by Frank Carr against the Columbus, Delaware & Marion Electric Co.; growing out of a collision between an automobile driven by Carr and a flat car standing in the street and owned by the Elect. Ry. Co.

It seems that a day before the accident occured, employees of the Ry. Co. were laying tracks and had let the car remain on the tracks. It had blocks under the wheels. The company claimed that had there been no blocks under the wheels, the car could not have moved, for where it stood, the street was level and it could not have started of its own weight, or without additional force.

Carr, in his petition, stated that the collision occured after dark, that the car was in the street without lights, guards or devices of

warning to proclaim that danger existed. He proved the location of the car and relied upon the doctrine of res ipsa loquitur.

The Railway Company contended that some boys were playing near the flat car and had dislodged the blocks, shoving the flat car into the street. They also alleged that since the flat car had been secured by blocks, they were not responsible for acts of third persons.

The Franklin Common Pleas rendered judgment in favor of Carr. In prosecution of error, to the Court of Appeals, the latter court held:

1. The Railway Co. by storage of the flat car in the proximity of the scene of the collision, assumed an active duty to securely fasten this car, not only against the acts of their own servants, but of others whose meddling, reasonably might be anticipated.

2. Carr was justified in applying the doctrine of res ipsa loquitur for the evidence offered made a prima facie case in his favor. Loomis v. Toledo Ry Co. 107 OS 161.

Attorneys—Wm. P. Maloney, Marion, for Railway Co.; Huggins & Liggett, Columbus, for Carr.

---

No. 156
DOUD, Guard v. TIDBALL, EX et
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1150. Decided Nov. 11, 1924.

19. ACCOUNTING—Will not be allowed, where there is failure to prove an implied or resulting trust.

1197. TRUST—Where wife consents to husband's managing of her affairs, no trust formed; either resulting or implied.

BY THE COURT.

Epitomized Opinion
Published only in Ohio Law Abstract

This was an action for an accounting, in the Franklin Court of Appeals. The petition showed that Sarah and John Tidball were husband and wife and each possessed a separate estate. Mr. Tidball died in Aug. 1920 and Mrs. Tidball in October 1921. Harry L. Doud was appointed guardian of Mrs. Tidball after Tidball's death and administrator of her estate after her decease.

Inventory of estates showed that John Tidball's real and personal property amounted to $32,057.17, while that of Mrs. Tidball was $32,411. Doud undertook to trace $18,776, the proceeds of rents, and certain sums of money alleged to have passed into Mr. Tidball's hands and charge his estate as trustee with the amount. It was brought out that Mr. and Mrs. Tidball maintained a joint bank account, but kept their real estate and investments separate. Rents were, however, collected by Mr. Tidball, and checks from the joint bank account passed largely into the hands of Mr. Tidball. Upon these facts, Doud relied to support the claim of trusteeship, and to charge Tidball's estate.

The Court of Appeals held—If nothing else appeared on the record of the case, that the fact that certain of the property standing in Mrs. Tidball's name, passed into the hands of her husband, the claim of Doud for an accounting might be sustained. In the Court's judgment, however, any thoughts of the wrongful conversion of Mrs. Tidball's property by her husband must be discarded, necessarily as shown by evidence disclosing that the Tidballs lived a happy, devoted life of matrimony. The court says that the only debatable question is whether there was an implied or resulting trust assumed by Tidball. No such trust existed because of the admitted fact that Mr. Tidball was scrupulously careful in protecting his wife's interests. Stocks, bonds, etc., were kept in separate envelopes and were marked and distinguished. Mrs. Tidball it was shown by the record, fully understood that her husband handled her property and she consented by permitting him to continue in the management of her affairs.

Doud, not having made out a case of accounting and trust, the petition was dismissed.

Attorneys—Weinland, Kehle & Atwood for Doud; Williams, Sinks & Williams and C. F. Schumacher for Tidball, ex; all of Columbus.

---

No. 157
LOOS v. LOOS.
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1190. Decided Nov. 14, 1924.

961. PROPERTY—Statement of made to a bank, taken as true in ascertaining wealth of person making it.

FERNEDING, J.

Epitomized Opinion
Published only in Ohio Law Abstract

The original action was for divorce and alimony in the Franklin Common Pleas. Prior to the commencement of the action there had been a separation agreement between William Loos, plaintiff herein, and Catherine Loos, defendant, by which she received $15,000 in property. The lower court in its judgment, ordered Loos to pay the additional sum of $17,500. To this order, Loos prosecuted error to the Court of Appeals which said:

Whether the trial court was just and reasonable depends upon the question of the amount of the plaintiff's wealth at the time of the decree. Loos made a property statement to a bank after conveyance of the property as specified in the separation agreement. Upon the theory, that Loos as a business man, in trying to establish credit with a commercial house,

## STATE COURT OF APPEALS—Continued

would not misrepresent to the president thereof, his financial circumstances, the court held that Loos should pay the additional $17500. Finding no prejudicial error the lower court's judgment was affirmed.

Attorneys—Clarence Addison for Wm. Loos; Chas. G. Saffin for Catherine Loos, both of Columbus.

---

No. 158

JOSEPH METZGER, In re Estate of

Ohio Appeals, 2nd Dist., Franklin Co.

Nos. 1264-71.   Decided Jan. 16, 1925.

297.  CONTRACTS—Post Nuptial contract valid and enforcible.

BY THE COURT.

Epitomized Opinion
Published only in Ohio Law Abstract

This action involves the regularity and validity of an order of the Franklin Probate Court approving the amended inventory of the estate of Joseph Metzger.   In a former opinion this court held that an original inventory included all of Metzger's property, while the amended inventory included only two-thirds of the propery.   Such amended inventory was based on a written contract executed by Metzger and wife.   The case rests upon the validity of said contract executed in the lifetime of both parties.   On a motion for re-hearing the plaintiff's claim that Mrs Metzger's share was not one-third of the property as set forth in the amended inventory.   The Court of Appeals held:

It is immaterial what the interest of Mrs. Metzger may have been so long as the property she did have was the consideration in the contract.   The contract entered into, would be valid and enforcible as a post-nuptial contract; whether it was a trust or a simple agreement as to ownership of the joint property is unimportant.

Judgment accordingly.

Attorneys—Vorys, Sater, Seymour & Pease for Appellant; Wm. Payne for Appelle; all of Columbus.

---

## FEDERAL OPINIONS

No. 159

MILLER v. UNITED STATES

U. S. Court of Appeals, 6th Dist.

Nos. 4017, 4053.   Decided July 2, 1924

Reported in full.   300 Fed. 529

629.  INDICTMENT—1.  Advising date and place of offense sufficient under prohibition act.

2.  Bill of particulars will lie where sufficient knowledge is not given in indictment.

3.  Assistant District Attorney may sign in his own name only.

480.  EVIDENCE—1.  Subsequent prosecution for offense provable under a former indictment barred.

2.  Testimony of police officers that liquid loaded on truck was whisky, held sufficient to go to jury.

3.  Where liquid is treate din trial court as whisky, evidence of the sale is sufficient to indicate the intoxicating character of the liquid.

4.  Pocket memorandum containing orders for sale of liquor found in the defendant's place of business was not obtained as the result of an unlawful search.

5.  A single sale may be submitted to a jury as evidence that seller was engaged in liquor business.

465.  ERROR—1.  Summary order appropriating money in bank for payment of fines not reversible error.

2.  Errors based on objections not saved in the trial court, will not be considered by the Court of Appeals, except in cases of palpable miscarriage of justice.

3.  Filing of supplemental assignment of error permissible, where counsel was unable to get copy of trial record within proper time without fault on his part.

4.  Submission of liquid to jury to determine whether it was intoxicating held not prejudicial error.

1079.  SENTENCE—1.  Where possession was merely incidental to a sale, sentences for sale of, and also for possession of intoxicating liquors constitutes double punishment for the same act.

2.  Whether the court had power to change original sentence and then again change the sentence so as to reinstate the original sentence is immaterial.

5.  Use of premises as an office for giving directions as to a liquor business, receiving orders and payments and carrying a pocket memorandum of same does not constitute the premises a "nuisance" under the prohibition act.

DENISON, C. J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Judgment affirmed.

Miller with others was indicted on four counts, first, to violate the prohibition act, second, for unlawful possession, third, for unlawful sale and fourth, for maintaining a nuisance. He was convicted on all four counts and sen-

tenced upon each. June 25th an order on the juornal of the court was entered, vacating the former sentence and imposing a new one for fines of about half the former amount, and for less imprisonment. On July 6th an order was entered vacating the sentence of June 25th, and re-imposing the original sentence. On the same day, upon a summary and informal inquiry, it developed that Miller had about $6,000 in the bank, deposited in the name of his sister, and his sister being present in court and admitting that the money belonged to Miller, and neither she nor Miller making any objection, the court ordered this money be paid by the bank to the Clerk of the Court, and to be applied by the Clerk to the payment of the fines. No proceeding for review having been initiated, Miller was committed July 16th. New counsel having been employed by Miller a writ of error was allowed July 17th and Miller was admitted to bail. While on bail Miller was again indicted with others, in count 1 for conspiracy to violate the prohibition act, count 2, for possession, and count 3, for maintaining a nuisance. Upon the second indictment he was found guilty on all three counts, and fined and sentenced in addition to the imprisonment imposed in the former case. A writ of error was allowed in the second case. In the first case conviction under the nuisance count was set aside and sentence under the possession count vacated, but otherwise conviction affirmed, and in the second case conviction was affirmed, the Circuit Court of Appeals holding:

1. The assignment of errors filed with the petition for writ of error omitted some claims of error which were afterwards supplied by a so-called supplementary assignment. This was held to be in substantial conformity to the rules of the court.

2. The indictment was held sufficient in that it stated the time and place of the offense sufficiently.

3. A judgment on such an indictment is a bar to subsequent prosecutions for any offenses which could have been proved under the indictment.

4. Under the prohibition act the indictment is sufficient by stating the general facts in the words of the statute and need not allege specific details.

5. There was no substantial prejudice in the change of the sentence and the reinstatement of it.

6. There was no prejudice to Miller justifying a reversal of the order appropriating the money in the bank to be applied to the payment of the fines.

7. Sentence for the sale and for the possession constitutes a double punishment for the same act where the act of possession relied upon was merely that possession necessarily incidental to the sale.

8. The Judicial Code does not require the appeals court to notice error based on objections not saved in the trial court.

9. It would be nonsense to suppose that Miller was selling for $30.00 six gallons of pure water, or near beer, or milk, or toilet water, or that "the stuff" several times mentioned was bought or sold as anything else than alcoholic liquor.

10. The pocket memorandum book of Miller, containing orders of sale, and found in his office at the time the arrests were made, was not obtained by unlawful search.

11. The finding of the book in the office where orders were received for liquor and payments received was not sufficient to constitute the premises a nuisance.

12. It is sufficient for the Assistant District Attorney to sign the indictment in his own name only.

13. Where the testimony of police officers who made the arrests is that articles loaded on the truck were whisky, it is sufficient evidence to submit to the jury as to the alcoholic contents of the liquid.

14. One act of possession or sale in a place does not necessarily and of itself constitute the maintaining of that place for forbidden purposes, but proof of such single act, under some surroundings and circumstances, will support a jury in finding that it was so maintained.

15. It was not prejudicial error to submit to the jury the liquor seized for the jury's independent determination as to its alcoholic quality.

## SUPREME COURT PENDING CASES

(Continued from Page 84)

2. Zehring did not live up to the contract into which he entered, as evidenced by his sending in a bill for nursing Susie Flick, and purchasing only one-third of the food necessary to run the household of which he was a member.

3. Zehring had conveyed title to the land which he held in escrow and which might some time be his.

The Common Pleas rendered judgment in favor of Zehring. Error was prosecuted to the Court of Appeals which held:

1. Circle must prove his averments by a preponderance of the evidence even though the relation between Zehring and the Flicks was confidential.

2. Endorsements on said notes in controversy, and placing of same in escrow were reg-

ular, and that there was lawful delivery of same that passed title.

Judgment of the Common Pleas was affirmed.

Attorneys—Chase Stewart and Clem V. Collins, for Xander; Zimmerman, Zimmerman & Zimmerman and W. W. Witmeyer, for Zehring, all of Springfield.